Chief Magistrate Judge David W. Christel

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAKIRU OLANREWAJU AMBALI,<br><br>Defendant. | No. CR23-5034-RJB-02<br><br>OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE |

Defendant Sakiru Ambali is a Nigerian citizen seeking to be released so that he can return to Canada where his children have resided since earlier this year. Ambali presents an extreme risk of flight because he is a foreign national with no ties to this country and has no incentive to return to serve a prison term of at least 24 months.

At the Court's request and based on the arguments presented at the detention review hearing on November 15, 2023, this memorandum addresses: (1) the legal standard for holding a detention hearing when the government alleges that the defendant poses a serious risk of flight, including the applicability of *United States v. Figueroa-Alvarez*, 2023 WL 4485312 (D. Idaho July 10, 2023) and whether there is a distinction between "risk of flight" and "risk of non-appearance"; and (2) the legal standard for detention pending trial.

Opp. to Def.'s Mot. for Release – 1
*United States v. Ambali,* CR23-5034-RJB-02

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

As an initial matter, the government notes that it is not seeking a detention hearing, so the Court need not determine the appropriate standard for holding one. This Court has already ordered the defendant detained on the basis of a preponderance of evidence that no condition or combination of conditions of release would reasonably assure his appearance as required, and the detention review hearing was held at the defendant's request. The government maintains that the only issue properly before the Court is whether or not the existing detention order remains necessary because no "condition or combination of conditions . . . will reasonably assure the appearance of [a defendant] and the safety of any other person and the community." *See* 18 U.S.C. § 3142(e).

Nevertheless, in response to the Court's inquiry, the Bail Reform Act imposes no evidentiary standard for obtaining a detention hearing. Rather, a court "shall" hold a detention hearing upon a government's motion in a case that involves serious risk of flight. 18 U.S.C. § 3142(f)(2). Under the Act, risk of flight and risk of non-appearance are synonymous.

For the reasons discussed herein, the non-binding, unpublished District of Idaho decision in *Figueroa-Alvarez* is incorrect about the evidentiary standard required for a detention hearing and the distinction between risk of flight and risk of non-appearance. Alternatively, at minimum, the decision is factually and procedurally distinguishable from this case. Moreover, even under *Figueroa-Alvarez*'s narrower interpretation of risk of flight, Ambali poses an extremely serious risk of flight that warranted a detention hearing and warrants continued detention.

Finally, it is well-settled law that a defendant must be detained upon the government showing by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance. The government has exceeded this burden.

Opp. to Def.'s Mot. for Release – 2
*United States v. Ambali,* CR23-5034-RJB-02

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

For the reasons presented at the detention review hearing and discussed herein, the Court should deny the defendant's motion for release.

## PROCEDURAL BACKGROUND

The defendant Sakiru Ambali and his co-defendant Fatiu Ismaila Lawal are charged with using the stolen identities of thousands of Americans to file fraudulent pandemic unemployment benefit applications and U.S. tax returns seeking refunds. Ambali and Lawal are both Nigerian citizens and residents of Canada. The indictment alleges that, together, they sought over $25 million and successfully defrauded the United States of over $2.4 million, primarily from pandemic unemployment benefits.

On January 25, 2023, a grand jury indicted Ambali and Lawal for one count of conspiracy to commit wire fraud, ten counts of wire fraud, and six counts of aggravated identity theft. The maximum penalty for conspiracy to commit wire fraud and wire fraud in connection with a presidentially-declared disaster is 30 years of imprisonment. 18 U.S.C. §§ 1349, 1343. The mandatory minimum sentence for aggravated identity theft is 24 months that must be served consecutive to any other sentence. 18 U.S.C. § 1028A.

On about February 21, 2023, Ambali was arrested in Germany as he transited the Frankfurt airport, en route from Nigeria to Canada. German authorities detained him until he was extradited to this district on or about July 20, 2023. Lawal was arrested in Canada and has been detained pending extradition since February 22, 2023

On August 18, 2023, Ambali made his initial appearance before this Court, and the government filed a motion for detention on the basis that there was serious risk the defendant would flee. Dkt. 12. The motion specified the following facts: (1) the defendant is a Nigerian citizen and Canadian resident with a Nigerian passport and no legal status in this country; (2) the government is unaware of any significant ties to this country; (3) the defendant submitted four visa applications to enter this country in 2011 and 2013, and all four applications were denied; and (4) the facts and circumstances

Opp. to Def.'s Mot. for Release – 3
United States v. Ambali, CR23-5034-RJB-02

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

surrounding his arrest in and extradition from Germany. *Id.* The motion requested a detention hearing at the initial appearance.

At his initial appearance, Ambali stipulated to detention without prejudice. Dkt. 13. This Court entered an Order of Detention Pending Trial based upon the government's motion. Dkt. 18. The order found: "After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required." *Id.* at 2. The order further stated, "The defendant stipulated to detention without prejudice. The Court affirmed *the defendant* may request a detention hearing and upon such request the Court will schedule a detention hearing." *Id.* at 3 (emphasis added).

On November 3, 2023, the defendant requested a detention hearing, and the Court scheduled a "detention review hearing" for November 15, 2023. *See* Dkt. 24. Accordingly, the November 15 hearing was not a detention request by the government but instead was the defendant's request for the Court to reconsider his continued detention.

## ARGUMENT

### I. The Requirements for Holding a Detention Hearing Were Met at the Initial Appearance.

The Bail Reform Act of 1984 governs the release or detention of pretrial defendants. It provides that a court may detain a defendant awaiting trial only after a detention hearing. 18 U.S.C. § 3142(e)(1). And it authorizes a court to hold a detention hearing in two sets of cases: cases that involve one of the offenses set out in § 3142(f)(1), and cases that involve a serious risk that the defendant will flee or obstruct justice or threaten, injure, or intimidate a witness or juror, *id.* § 3142(f)(2)(A)–(B).

Opp. to Def.'s Mot. for Release – 4
*United States v. Ambali,* CR23-5034-RJB-02

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

For the second category, the Act says that the judicial officer "shall" hold a hearing "to determine whether any condition or combination of conditions" will "reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(A)–(B).

To establish a basis for a detention hearing under Section 3142(f)(2), the government (or the court on its own motion) must set forth information that shows that the defendant presents a serious risk of flight or a serious risk of obstruction of justice.

At the defendant's initial appearance, the government's motion for detention specified information and facts that showed Ambali presents a serious risk of flight. The defendant did not dispute these facts, stipulated to detention, and has been held for over three months. Moreover, *the defendant* requested the pending detention review hearing.[1] Thereby, the threshold for holding a detention hearing—whatever it may be—was met at the initial appearance.

### A.  To Obtain a Detention Hearing, the Government May Proceed by Proffer and Need Not Make Any Showing by a Preponderance of the Evidence.

Even if the Court rejects the government's position that it is unnecessary to revisit the propriety of holding the initial detention hearing, the government made the requisite showing for the detention hearing at the initial appearance through its motion for detention.

The court in *Figueroa-Alvarez* concluded that the government must demonstrate a serious risk of flight by a preponderance of evidence to hold a detention hearing under

---

[1] The Act permits a detention hearing to "be reopened . . . at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). In this case, the defendant stipulated to detention "without prejudice" at his initial appearance, and the Court's detention order stated it would grant a detention hearing at defendant's request. Due to this procedural history and the defendant's proffer to the government that he had material information to present to the Court, the government did not oppose the defendant's request to reopen detention.

Opp. to Def.'s Mot. for Release – 5
*United States v. Ambali,* CR23-5034-RJB-02

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Section 3142(f)(2). 2023 WL 4485312, at *5. While one district court judge in this district has adopted the preponderance standard for obtaining a pretrial detention hearing, *see United States v. Subil*, No. 23-20300-TL (W.D. Wash. June 7, 2023), there is no support in the Act or in binding precedent for the idea that the government must make that prehearing showing by "a preponderance of the evidence."

The Act imposes no such evidentiary standard for obtaining a detention hearing. Instead, the Act says that for Section 3142(f)(2) defendants, a court "shall" hold a detention hearing upon motion of the attorney for the Government or upon the judicial officer's own motion, *in a case that involves*—

> (A) a serious risk that such person will flee; or
>
> (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

18 U.S.C. § 3142(f)(2) (emphasis added). The Act says nothing about requiring the government to make (or the court to find) these serious risks by a preponderance of the evidence before a detention hearing as a precondition of holding that hearing. Moreover, there is no explanation how the government could even make such a prehearing showing, or how a defendant could rebut it. *See United States* v. *Degrave*, 539 F. Supp.3d 184 (D.D.C. 2021) (recognizing that when the United States first moves for detention, "the parties may proceed by proffer, and the Court's decision concerning whether to hold a detention hearing is 'based on even less information than a decision to detain or release' a defendant: "the determination pursuant to Section 3142(f) to hold a detention hearing in the first place requires less evidence than the determination pursuant to Section 3142(e) to detain a defendant" and "requiring greater evidence under Section 3142(f) 'would blur two distinct statutory inquiries and would give more weight to fact intensive analysis at an earlier stage of the case than Congress appears to have intended'") (citing *United States* v. *Singleton*, 182 F.3d 7, 9 (D.C. Cir. 1999)).

Opp. to Def.'s Mot. for Release – 6
*United States v. Ambali,* CR23-5034-RJB-02

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Instead, the Act allows the government to do what it did here: proffer in its detention motion that a case involves a serious risk that the defendant will flee and then make the necessary showings at the detention hearing. In this particular case, the government's detention motion asserted concrete, specific facts as the basis for the defendant's flight risk. *Cf. Subil*, 2023 WL 3866709 at *4 (finding no factual basis for flight risk in the government's detention motion); *Figueroa-Alvarez*, 2023 WL 4485212 at *5 ("concrete information" and not "mere conclusory allegations" are necessary to demonstrate flight risk). Therefore, the government satisfied the requisite showing for a detention hearing.

### B.    Risk of Flight and Risk of Non-Appearance are Indistinguishable.

*Figueroa-Alvarez* held that risk of flight is narrower than risk of non-appearance, with "flight" requiring "intentional and active movement to put oneself beyond the supervision of the court and the reach of the criminal proceeding." *Id.* at *5 (quoting *United States v. White*, 2021 WL 2155441 at *8 (M.D. Tenn. May 27, 2021)).

Contrary to the holding in *Figueroa-Alvarez*, the Ninth Circuit has consistently analyzed risk of flight and risk of non-appearance as the same thing under the Act. For example, in *United States v. Motamedi*, the Ninth Circuit's seminal case establishing the burden of proof for pretrial detention on the basis of risk of flight, the Court treats "likelihood of defendant's appearance at trial" as synonymous to "risk of flight." *Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985). Similarly, in *United States v. Santos-Flores*, the Court held that the defendant was a "voluntary flight risk" based on facts including "his prior failure to appear when required in state court." *Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015).

Under the rationale in *Figueroa-Alvarez*, a defendant could not be detained as a risk of nonappearance at a hearing under Section 3142(e) and (g) unless the government first makes a prehearing showing that the defendant posed a serious risk of fleeing the jurisdiction of the court. But such a requirement would make no sense. To ultimately order a defendant detained, a court need only find that there are "no condition or

Opp. to Def.'s Mot. for Release – 7
*United States v. Ambali*, CR23-5034-RJB-02

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1), (g). Thus, *Figueroa-Alvarez* adopts a regime that would require a higher showing to obtain a detention hearing than to detain the defendant. That is not the law Congress enacted.

Nevertheless, in this particular case, the defendant poses a serious risk of flight, no matter how it is defined. Ambali proposes allowing him to intentionally place himself beyond the supervision and reach of not only this Court but of this country. *Cf. Figueroa-Alvarez*, 2023 WL 4485212 at *5 (defining flight to be "intentional and active movement to put oneself beyond the supervision of the court and the reach of the criminal proceeding"). Essentially, the defendant is asking the Court to endorse his flight from its authority.

Moreover, Ambali has no known ties to this country, much less this district, and has been denied legal entry to this country four times. He wishes to remain in Canada, with his children, as long as Canada will allow. He has significant ties—including relatives and at least one bank account—in Nigeria. He has been charged with using the stolen identities of thousands of Americans and is well-versed in purchasing stolen identities and fraudulent documents. He faces a mandatory minimum 24 months in prison, is aware that the government is seeking a sentence of up to 60 months in prison, and knows that the sentencing court may sentence him up to 32 years in prison.

Therefore, Ambali poses a serious risk of flight by any measure, even under the narrower interpretation adopted by *Figueroa-Alvarez*, and there are no conditions that can reasonably assure his appearance and the safety of the community because he will be beyond the jurisdiction of this Court.

II.   **The Burden of Proof for Detention on the Basis of Flight Risk is a Preponderance of the Evidence.**

During the detention review hearing, defense suggested that the burden of proof for detention on the basis of flight risk alone could be higher than a preponderance of the

Opp. to Def.'s Mot. for Release – 8
*United States v. Ambali,* CR23-5034-RJB-02

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

evidence. The government is unaware of any legal authority to support this assertion and maintains that the standard of proof for detention on the basis of flight risk is unquestionably a preponderance of the evidence. The Ninth Circuit unambiguously established in *Montamedi*: "[W]e conclude that the congressional silence with regard to the applicable standard of proof in demonstrating risk of flight is the preponderance of the evidence." 767 F.2d at 1407. This standard is so enshrined that the Administrative Office of the U.S. Court's form detention order, which is used in this district and was entered in this case, integrates the preponderance burden into its potential findings for detention. *See* Form Order of Detention Pending Trial, No. AO 472 (eff. Nov. 1, 2016), at 3; *see also* Dkt. 18.

## CONCLUSION

For the reasons discussed herein and at the detention review hearing, the Court should continue detaining the defendant pending trial because he poses an extremely serious risk of flight and no conditions can reasonably assure his appearance and the safety of the community.

Respectfully submitted,

TESSA M. GORMAN
Acting United States Attorney

*/s/ Cindy Chang*
CINDY CHANG
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-1779
Cindy.Chang@usdoj.gov

Opp. to Def.'s Mot. for Release – 9
*United States v. Ambali,* CR23-5034-RJB-02

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970